

FILED by _____ D.C.
DKTG

MAY 2 6 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.  MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

CASE NO.: 04-20706-CIV-GRAHAM/O'SULLIVAN

IRA RUBIN,

     Plaintiff,

vs.

ACRUISE2GO, CORP., a Florida Corporation;
LEVELFIELD.COM, INC., a Foreign Corporation
d/b/a ONLINE AGENCY; VACATION PUBLICATIONS,
INC., a Foreign Corporation; VACATION.COM, INC.,
a Foreign Corporation;  PASSPORT ONLINE, INC.,
a Foreign Corporation; TRAVEL PLANNERS
INTERNATIONAL, INC., a Florida Corporation;
NATIONAL LEISURE GROUP, a Foreign Corporation
d/b/a NLG, BJSVACATIONS, THE VACATION STORE,
GM VACATIONS, LYCOS TRAVEL, ORBITZ CRUISES,
ORBITZ VACATIONS, PRICELINE CRUISES,
TRICORDIA TRAVEL, VACATION OUTLET, WAL-MART
VACATIONS, YAHOO TRAVEL; CASTLES OF THE WORLD, INC.,
a Foreign Corporation d/b/a AFFORDABLETOURS.COM;
HAYNES HOUSE, INC., a Florida Corporation d/b/a
ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK;
DUSO WORLD TRAVEL; KEMP TRAVEL, a Foreign Entity
d/b/a WESLEY'S WORLD OF TRAVEL; COLLETTE TRAVEL
SERVICE, INC. a/k/a COLLETTE VACATIONS, a Foreign Corporation;
COLLETTE VACATIONS CANADA, LTD., a Foreign
Corporation; ADVENTURES UNLIMITED, INC.
a Foreign Corporation; BJ'S WHOLESALE CLUB, a Foreign
Corporation; LYCOS, INC., a Foreign Corporation; ORBITZ, LLC,
a Foreign Corporation; PRICELINE.COM INCORPORATED,
a Foreign Corporation; WAL-MART STORES, INC.
a Foreign Corporation; and DANIEL J. SULLIVAN, JR.,
individually,

     Defendants.

_____/

## SECOND AMENDED COMPLAINT

The Plaintiff, IRA RUBIN, by and through undersigned counsel sues the Defendants, ACRUISE2GO, a Florida Corporation; LEVELFIELD.COM, INC., a Foreign Corporation d/b/a ONLINE AGENCY; VACATION PUBLICATIONS, INC., a Foreign Corporation; VACATION.COM, INC., a Foreign Corporation; PASSPORT ONLINE, INC. a Foreign Corporation; TRAVEL PLANNERS INTERNATIONAL, INC., a Florida Corporation; NATIONAL LEISURE GROUP, a Foreign Corporation d/b/a NLG, BJSVACATIONS, THE VACATION STORE, GM VACATIONS, LYCOS TRAVEL, ORBITZ CRUISES, ORBITZ VACATIONS, PRICELINE CRUISES, TRICORDIA TRAVEL, VACATION OUTLET, WAL-MART VACATIONS, YAHOO TRAVEL; CASTLES OF THE WORLD, INC. a Foreign Corporation d/b/a AFFORDABLETOURS.COM; HAYNES HOUSE, INC., a Florida Corporation, d/b/a ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK; DUSO WORLD TRAVEL; KEMP TRAVEL, a Foreign entity d/b/a WESLEY'S WORLD OF TRAVEL; COLLETTE TRAVEL SERVICE, INC., a/k/a COLLETTE VACATIONS, a Foreign Corporation; COLLETE VACATIONS, CANADA, LTD., a Foreign Partnership; ADVENTURES UNLIMITED, INC., a Foreign Corporation; BJ'S WHOLESALE CLUB, a Foreign Corporation; LYCOS, INC., a Foreign Corporation; ORBITZ, LLC, a Foreign Corporation; PRICELINE.COM INCORPORATED, a Foreign Corporation; WAL-MART STORES, INC., a Foreign Corporation; and DANIEL J. SULLIVAN, JR., individually and as grounds therefore states the following:

1.      This is an action for infringement of copyright pursuant to Title 17, United States Code.

2.      Jurisdiction is founded upon Title 28, United States Code.

3.      Plaintiff, IRA RUBIN, is a professional photographer.

4.      At all times material hereto, Defendant, ACRUISE2GO, was a Florida Corporation, licensed to do and doing business in the state of Florida.

5.      At all times material hereto, Defendant, LEVELFIELD.COM, INC. d/b/a ONLINE AGENCY, was a Foreign Corporation, doing business in the state of Florida.

6.      At all times material hereto, Defendant, VACATION PUBLICATIONS, INC., was a Foreign Corporation, doing business in the state of Florida and operating a website VACATIONSTOGO.COM.

7.      At all times material hereto, Defendant, VACATION.COM, INC., was a Foreign Corporation, licensed to do and doing business in the state of Florida and operating a website VACATION.COM.

8.      At all times material hereto, Defendant, PASSPORT ONLINE, INC., was a Foreign Corporation, doing business in the state of Florida.

9.      At all times material hereto, Defendant, TRAVEL PLANNERS INTERNATIONAL., INC., was a Florida Corporation, licensed to do and doing business in the state of Florida and operating a website AGENTHUB.COM

10.     At all times material hereto, Defendant, NATIONAL LEISURE GROUP, d/b/a NLG, BJSVACATIONS, THE VACATION STORE, GM VACATIONS, LYCOS

TRAVEL, ORBITZ CRUISES, ORBITZ VACATIONS, PRICELINE CRUISES, TRICORDIA TRAVEL, VACATION OUTLET, WAL-MART VACATIONS, YAHOO TRAVEL, was a Foreign Corporation, doing business in the state of Florida.

11.    At all times material hereto, Defendant, CASTLES OF THE WORLD, INC., d/b/a AFFORDABLE TOURS.COM, was a Foreign Corporation, licensed to do and doing business in the state of Florida and operating a website AFFORDABLE-COLLETTE-TOURS.COM.

12.    At all times material hereto, Defendant, HAYNES HOUSE, INC. d/b/a ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK, licensed to do and doing business in the state of Florida.

13.    At all times material hereto, Defendant, DUSO WORLD TRAVEL was a Foreign entity, doing business in the state of Florida and operating a website DUSO2GO.COM.

14.    At all times material hereto, Defendant, KEMP TRAVEL d/b/a WESLEY'S WORLD OF TRAVEL was a foreign entity, doing business in the state of Florida.

15.    At all times material hereto, Defendant, COLLTTE TRAVEL SERVICE, INC. a/k/a COLLETTE VACATIONS, a Foreign Corporation, doing business in the state of Florida.

16.    At all times material hereto, Defendant, COLLETTE VACATIONS CANADA, LTD., was a Foreign Partnership, licensed to do and doing business in the state of Florida.

17.    At all times material hereto, Defendant, ADVENTURES UNLIMITED, INC., was a Foreign Corporation, doing business in the state of Florida.

18.     At all times material hereto, Defendant, BJ'S WHOLESALE CLUB, was a Foreign Corporation, licensed to do and doing business in the state of Florida and operating a website BJSVACATIONS.COM.

19.     At all times material hereto, Defendant, LYCOS, INC., was a Foreign Corporation, licensed to do and doing business in the state of Florida and operating a website VACATIONS.LYCOS.COM.

20.     At all times material hereto, Defendant, ORBITZ, LLC, was a Foreign Corporation, licensed to do and doing business in the State of Florida and operating a website PACKAGES.ORBITZ.COM.

21.     At all times material hereto, Defendant, PRICELINE.COM INCORPORATED, was a Foreign Corporation, licensed to do and doing business in the state of Florida and operating a website PRICELINECRUISEOUTLET.COM

22.     At all times material hereto, Defendant, WAL-MART STORES, INC. d/b/a CRUISES.WALMART.COM and WALMART.VACATIONOUTLET.COM, was a Foreign Corporation, licensed to do and doing business in the state of Florida and operating websites CRUISES.WALMART.COM and WALMART.VACATIONOUTLET.COM.

23.     At all times material hereto, Defendant, DANIEL J. SULLIVAN, JR., was an Officer and Director of COLLETTE TRAVEL SERVICE, INC. a/k/a COLLETTE VACATIONS and had a residence in the state of Florida.

24.     Plaintiff, IRA RUBIN, created the photographic image of Mt. McKinley attached hereto as Exhibit "A".

25.     The photographic image created by Plaintiff is a wholly original creative

work and is copyrightable subject matter under the laws of the United States.

26.    That since the creation of said photographic image, Plaintiff has been and still is the proprietor of all rights, title and interest in and to the copyrightable rights of said photographic image.

27.    That prior to the institution of this action, Plaintiff complied in all respects with Title 17, United States Code and all other laws governing copyright registration, by registering with the Registrar of Copyrights, Library of Congress and by complying with all statutory deposit requirements of Title 17, USC, 407.  A copy of the Certificate of Registration Application and materials are attached hereto as Exhibit "B".

28.    Plaintiff has not had dealings with any Defendant other than the COLLETTE entities, who provided the subject image to the other Defendants without permission or authorization.

**COUNT I**
**COPYRIGHT INFRINGEMENT AGAINST**
**ACRUISE2GO, CORP., a Florida Corporation**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

29.    Defendant, ACRUISE2GO, CORP., a Florida Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image, identified above in this Complaint, and causing it to be published and placing on the market including the World Wide Web the photographic image without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "C".

30.    Defendant, ACRUISE2GO, CORP., a Florida Corporation, is doing business in

Florida and whose acts have caused harm to the Plaintiff in Florida.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

**COUNT II**
**COPYRIGHT INFRINGEMENT AGAINST**
**LEVELFIELD.COM, INC., a Foreign Corporation d/b/a ONLINE AGENCY**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

31.      Defendant, LEVELFIELD.COM, INC., a Foreign Corporation d/b/a ONLINE AGENCY, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published in more than 2,800 uses, and

placing it on the market, including on the world wide web, without Plaintiff's consent. A sample of Defendant's infringing use is attached hereto as Exhibit "D".

32.     Defendant, LEVELFIELD.COM, INC., a Foreign Corporation d/b/a ONLINE AGENCY, is doing business in Florida, operates a website ONLINEAGENCY.COM, and its acts have caused harm to the Plaintiff in Florida.

33.     Defendant, LEVELFIELD.COM, INC., a Foreign Corporation d/b/a ONLINE AGENCY, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.     That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.     That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement
> of Plaintiff's copyright or such damages as the Court may deem proper
> within the provisions of the copyright statutes.

c.     That Defendant be required to deliver up to be impounded during the

pendency of this action all copies of materials in its possession or under its control and to

deliver up for destruction all infringing copies including digital copies.

     d.     That Defendant be required to pay to Plaintiff the costs of this action.

     e.     That Plaintiff have such other and further relief as is just.

**COUNT III**
**COPYRIGHT INFRINGEMENT AGAINST**
**VACATION PUBLICATIONS, INC., a Foreign Corporation**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if

fully set forth herein and further alleges:

34.     Defendant, VACATION PUBLICATIONS, INC., a Foreign Corporation

infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified

above in this Complaint), causing it to be published in more than 1,500 uses, and placing it

on the market, including on the World Wide Web, without Plaintiff's consent.  A sample of

Defendant's infringing use is attached hereto as Exhibit "E"

35.     Defendant, VACATION PUBLICATIONS, INC., a Foreign Corporation, is

doing business in Florida, operates a website VACATIONSTOGO.COM, and its acts have

caused harm to the Plaintiff in Florida.

36.     Defendant, VACATION PUBLICATIONS, INC., a Foreign Corporation, is

directly, contributorily and/or vicariously liable for copy infringement by virtue of their

distribution of Plaintiff's photo to third party travel companies and material contribution

towards the third party infringements, knowledge of the third party infringements, the

ability to supervise and control the use and infringement of the photo by the third parties,

the fact that they knew or reasonably should have known of the infringing activity, and

Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.   That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.   That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.   That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.   That Defendant be required to pay to Plaintiff the costs of this action.

e.   That Plaintiff have such other and further relief as is just.

**COUNT IV**
**COPYRIGHT INFRINGEMENT AGAINST**
**VACATION.COM, INC. a Foreign Corporation**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

37.   Defendant, VACATION.COM, INC., a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published in more than 600 uses, and placing it on the market,

including on the World Wide Web, without Plaintiff's consent. A sample of Defendant's infringing use is attached hereto as Exhibit "F.

38.     Defendant, VACATION.COM, INC., a Foreign Corporation, is doing business in Florida, operates a website VACATION.COM, and its acts have caused harm to the Plaintiff in Florida.

39.     Defendant, VACATION.COM, INC., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.     That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.     That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.     That Defendant be required to deliver up to be impounded during the

pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

    **d.**    That Defendant be required to pay to Plaintiff the costs of this action.

    **e.**    That Plaintiff have such other and further relief as is just.

**COUNT V**
**COPYRIGHT INFRINGEMENT AGAINST**
**PASSPORT ONLINE, INC., a Foreign Corporation**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

    40.    Defendant, PASSPORT ONLINE, INC., a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published , and placing it on the market, including on the world wide web, without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "G."

    41.    Defendant, PASSPORT ONLINE, INC., a Foreign Corporation, is doing business in Florida and its acts have caused harm to the Plaintiff in Florida.

    42.    Defendant, PASSPORT ONLINE, INC., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE,** Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

>       All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

### <ins>COUNT VI</ins>
**COPYRIGHT INFRINGEMENT AGAINST
TRAVEL PLANNERS INTERNATIONAL, INC., a Foreign Corporation**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

43.     Defendant, TRAVEL PLANNERS INTERNATIONAL, INC., a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published in more than 300 uses, and placing it on the market, including on the World Wide Web, without Plaintiff's consent. A

sample of Defendant's infringing use is attached hereto as Exhibit "H."

44.     Defendant, TRAVEL PLANNERS INTERNATIONAL, INC., a Foreign Corporation, is doing business in Florida, operates a website AGENTHUB.COM, and its acts have caused harm to the Plaintiff in Florida.

45.     Defendant, TRAVEL PLANNERS INTERNATIONAL, INC., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to

deliver up for destruction all infringing copies including digital copies.

     d.     That Defendant be required to pay to Plaintiff the costs of this action.

     e.     That Plaintiff have such other and further relief as is just.

**COUNT VII**
**COPYRIGHT INFRINGEMENT AGAINST**
**NATIONAL LEISURE GROUP, a Foreign Corporation d/b/a NLG, BJSVACATIONS,**
**THE VACATION STORE, GM VACATIONS, LYCOS TRAVEL, ORBITZ CRUISES,**
**ORBITZ VACATIONS, PRICELINE CRUISES, TRICORDIA TRAVEL, VACATION**
**OUTLET, WAL-MART VACATIONS, YAHOO TRAVEL**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

46.     Defendant, NATIONAL LEISURE GROUP, a Foreign Corporation d/b/a NLG, BJSVACATIONS, THE VACATION STORE, GM VACATIONS, LYCOS TRAVEL, ORBITZ CRUISES, ORBITZ VACATIONS, PRICELINE CRUISES, TRICORDIA TRAVEL, VACATION OUTLET, WAL-MART VACATIONS, YAHOO TRAVEL, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, providing it to infringers for use, including on the world wide web, without Plaintiff's consent. A sample of Defendant's infringing use is attached hereto as Exhibit "I".

47.     Defendant, NATIONAL LEISURE GROUP, a Foreign Corporation d/b/a NLG, BJSVACATIONS, THE VACATION STORE, GM VACATIONS, LYCOS TRAVEL, ORBITZ CRUISES, ORBITZ VACATIONS, PRICELINE CRUISES, TRICORDIA TRAVEL, VACATION OUTLET, WAL-MART VACATIONS, YAHOO TRAVEL, is doing business in Florida and its acts have caused harm to the Plaintiff in Florida.

48.     Defendant is directly, contributorily and vicariously liable for copyright infringement.

49.     Defendant, NATIONAL LEISURE GROUP, a Foreign Corporation d/b/a NLG, BJSVACATIONS, THE VACATION STORE, GM VACATIONS, LYCOS TRAVEL, ORBITZ CRUISES, ORBITZ VACATIONS, PRICELINE CRUISES, TRICORDIA TRAVEL, VACATION OUTLET, WAL-MART VACATIONS, YAHOO TRAVEL, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.     That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.     That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement
> of Plaintiff's copyright or such damages as the Court may deem proper
> within the provisions of the copyright statutes.

c.     That Defendant be required to deliver up to be impounded during the

pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

    d.     That Defendant be required to pay to Plaintiff the costs of this action.

    e.     That Plaintiff have such other and further relief as is just.

<u>COUNT VIII</u>
**COPYRIGHT INFRINGEMENT AGAINST
CASTLES OF THE WORLD, INC., a Foreign Corporation
d/b/a AFFORDABLE TOURS.COM**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

50.     Defendant, CASTLES OF THE WORLD, INC., a Foreign Corporation d/b/a AFFORDABLE TOURS.COM, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published in more than 8 uses, and placing it on the market, including on the world wide web, without Plaintiff's consent. A sample of Defendant's infringing use is attached hereto as Exhibit "J".

51.     Defendant, CASTLES OF THE WORLD, INC., a Foreign Corporation d/b/a AFFORDABLE TOURS.COM, is doing business in Florida, operates a website AFFORDABLE-COLLETTE-TOURS.COM, and its acts have caused harm to the Plaintiff in Florida.

52.     Defendant, CASTLES OF THE WORLD, INC., a Foreign Corporation d/b/a AFFORDABLE TOURS.COM, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of

the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

## COUNT IX
## COPYRIGHT INFRINGEMENT AGAINST
## HAYNES HOUSE, INC., a Florida Corporation
## d/b/a ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

53.     Defendant, HAYNES HOUSE, INC., a Florida Corporation d/b/a ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published in more than 6 uses, and placing it on the market, including on the world wide web, without Plaintiff's consent. Defendant infringed upon Plaintiff's copyright by operating ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK, using the photographic image without Plaintiff's consent. A sample of Defendant's infringing use is attached hereto as Exhibit "K".

54.     Defendant, HAYNES HOUSE, INC., a Florida Corporation d/b/a ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK, is doing business in Florida and their acts have caused harm to the Plaintiff in Florida.

55.     Defendant, HAYNES HOUSE, INC., a Florida Corporation d/b/a ATLAS CRUISES & TOURS and ATLAS TRAVEL NETWORK, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter

and from further use of Plaintiff's photographic image.

      b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

      c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

      d.      That Defendant be required to pay to Plaintiff the costs of this action.

      e.      That Plaintiff have such other and further relief as is just.

## COUNT X
## COPYRIGHT INFRINGEMENT AGAINST
## DUSO WORLD TRAVEL

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

      56.      Defendant, DUSO WORLD TRAVEL, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "L".

      57.      Defendant, DUSO WORLD TRAVEL, is doing business in Florida, operates a website DUSO2GO.COM, and its acts have caused harm to the Plaintiff in Florida.

58.     Defendant, DUSO WORLD TRAVEL, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

<u>COUNT XI</u>
**COPYRIGHT INFRINGEMENT AGAINST
KEMP TRAVEL, A Foreign Entity d/b/a WESLEY'S WORLD OF TRAVEL**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

59.     Defendant, KEMP TRAVEL, a Foreign Entity d/b/a WESLEY'S WORLD OF TRAVEL, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the world wide web, without Plaintiff's consent.   A sample of Defendant's infringing use is attached hereto as Exhibit "M".

60.     Defendant, KEMP TRAVEL, a Foreign Entity d/b/a WESLEY'S WORLD OF TRAVEL, is doing business in Florida and its acts have caused harm to the Plaintiff in Florida.

61.     Defendant, KEMP TRAVEL, a Foreign Entity d/b/a WESLEY'S WORLD OF TRAVEL, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter

and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

## COUNT XII
### COPYRIGHT INFRINGEMENT AGAINST
### COLLETTE TRAVEL SERVICE, INC. a/k/a COLLETTE VACATIONS
#### a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

62.      Plaintiff and Defendant, COLLETTE TRAVEL SERVICE, INC. a/k/a COLLETTE VACATIONS, a Foreign Corporation, entered into a settlement on December 11, 2003, which covers Plaintiff's claims for damages for contributory and vicarious uses by Defendant, COLLETTE TRAVEL SERVICE, INC., a/k/a COLLETTE VACATIONS, Foreign Corporation.  Plaintiff has brought suit separately to enforce the settlement.

63.      In the alternative, if Defendant, COLLETTE TRAVEL SERVICE, INC., a/k/a

COLLETTE VACATIONS, Foreign Corporation, and the Plaintiff have not settled Plaintiff's claims against COLLETTE TRAVEL SERVICE, INC., a/k/a COLLETTE VACATIONS, Foreign Corporation, for vicarious and contributory uses, Plaintiff hereby seeks damages for those uses.

64.     Defendant, COLLETTE TRAVEL SERVICE, INC. a/k/a COLLETTE VACATIONS, a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, providing to infringers for use, including on the world wide web, without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "N."

65.     Defendant, COLLETTE TRAVEL SERVICE, INC., a/k/a COLLETTE VACATIONS, Foreign Corporation, is doing business in Florida and its acts have caused harm to the Plaintiff in Florida.

66.     Defendant is contributorily and vicariously liable for copyright infringement.

67.     Defendant, COLLETTE TRAVEL SERVICE, INC., a/k/a COLLETTE VACATIONS, Foreign Corporation, is contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

## COUNT XIII
### COPYRIGHT INFRINGEMENT AGAINST
### COLLETTE VACATIONS CANADA, LTD., a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

68.      Defendant, COLLETTE VACATIONS CANADA, LTD, a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, providing it to infringers for use, including on the world wide web, without

Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "O."

69.     Defendant, COLLETTE VACATIONS CANADA, LTD., a Foreign Corporation, is doing business in Florida and their acts have caused harm to the Plaintiff in Florida.

70.     Defendant is directly, contributorily and vicariously liable for copyright infringement.

71.     Defendant, COLLETTE VACATIONS CANADA, LTD., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

        **WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

All gains, profits and advantages derived by Defendant, in its infringement

of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

### COUNT XIV
### COPYRIGHT INFRINGEMENT AGAINST
### ADVENTURES UNLIMITED, INC., a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

72.     Defendant, ADVENTURES UNLIMITED, INC., a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, providing to infringers for use, including on the world wide web, without Plaintiff's consent. A sample of Defendant's infringing use is attached hereto as Exhibit "P."

73.     Defendant, ADVENTURES UNLIMITED, INC., a Foreign Corporation, is doing business in Florida and its acts have caused harm to the Plaintiff in Florida.

74.     Defendant is directly, contributorily and vicariously liable for copyright infringement.

75.     Defendant, ADVENTURES UNLIMITED, INC., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their

distribution of Plaintiff's photo to third party travel companies and material contribution

towards the third party infringements, knowledge of the third party infringements, the

ability to supervise and control the use and infringement of the photo by the third parties,

the fact that they knew or reasonably should have known of the infringing activity, and

Defendant's own financial benefit from the infringements.

**WHEREFORE,** Plaintiff demands:

a.    That Defendant, its agents and servants, be enjoined during the pendency of

this action and permanently from infringing upon said copyright of Plaintiff in any matter

and from further use of Plaintiff's photographic image.

b.    That Defendant be required to pay to Plaintiff such damages as Plaintiff has

sustained in consequence of Defendant's infringement of said copyright including actual

damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement
> of Plaintiff's copyright or such damages as the Court may deem proper
> within the provisions of the copyright statutes.

c.    That Defendant be required to deliver up to be impounded during the

pendency of this action all copies of materials in its possession or under its control and to

deliver up for destruction all infringing copies including digital copies.

d.    That Defendant be required to pay to Plaintiff the costs of this action.

e.    That Plaintiff have such other and further relief as is just.

**COUNT XV**
**COPYRIGHT INFRINGEMENT AGAINST**
**BJ'S WHOLESALE CLUB, a Foreign Corporation**

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if

fully set forth herein and further alleges:

76.     Defendant, BJ'S WHOLESALE CLUB, a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "Q."

77.     Defendant, BJ'S WHOLESALE CLUB, a Foreign Corporation, is doing business in Florida, operates a website BJSVACATIONS.COM, and its acts have caused harm to the Plaintiff in Florida.

78.     Defendant, BJ'S WHOLESALE CLUB, a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.     That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.     That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual

damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

## COUNT XVI
## COPYRIGHT INFRINGEMENT AGAINST
## LYCOS, INC., a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

79.      Defendant, LYCOS, INC., a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.  A copy of Defendant's infringing use is attached hereto as Exhibit "R."

80.      Defendant, LYCOS, INC., a Foreign Corporation, is doing business in Florida, operates a website VACATIONS.LYCOS.COM, and its acts have caused harm to the Plaintiff in Florida.

81.      Defendant, LYCOS, INC., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's

photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

## COUNT XVII
## COPYRIGHT INFRINGEMENT AGAINST
## ORBITZ, LLC, a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if

fully set forth herein and further alleges:

82.     Defendant, ORBITZ, LLC, a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.   A copy of Defendant's infringing use is attached hereto as Exhibit "S."

83.     Defendant, ORBITZ, LLC, a Foreign Corporation, is doing business in Florida, operates a website PACKAGES.ORBITZ.COM, and its acts have caused harm to the Plaintiff in Florida.

84.     Defendant, ORBITZ, LLC, a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual

damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.  That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.  That Defendant be required to pay to Plaintiff the costs of this action.

e.  That Plaintiff have such other and further relief as is just.

## COUNT XVIII
### COPYRIGHT INFRINGEMENT AGAINST
### PRICELINE.COM INCORPORATED, a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

85.  Defendant, PRICELINE.COM INCORPORATED, a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "T."

86.  Defendant, PRICELINE.COM INCORPORATED, a Foreign Corporation, is doing business in Florida, operates a website PRICELINECRUISEOUTLET.COM, and its acts have caused harm to the Plaintiff in Florida.

87.  Defendant, PRICELINE.COM INCORPORATED, a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their

distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

## COUNT IXX
### COPYRIGHT INFRINGEMENT AGAINST
### WAL-MART STORES, INC., a Foreign Corporation

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if

fully set forth herein and further alleges:

88.     Defendant, WAL-MART STORES, INC., a Foreign Corporation, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.  A sample of Defendant's infringing use is attached hereto as Exhibit "U."

89.     Defendant, WAL-MART STORES, INC., a Foreign Corporation, is doing business in Florida, operates websites CRUISES.WALMART.COM and WALMART.VACATIONOUTLET.COM, and its acts have caused harm to the Plaintiff in Florida.

90.     Defendant, WAL-MART STORES, INC., a Foreign Corporation, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has

sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.    That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.    That Defendant be required to pay to Plaintiff the costs of this action.

e.    That Plaintiff have such other and further relief as is just.

## COUNT XX
## COPYRIGHT INFRINGEMENT AGAINST
## DANIEL J. SULLIVAN, JR., individually

Plaintiff readopts and realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein and further alleges:

91.    Defendant, DANIEL J. SULLIVAN, JR., individually, infringed upon Plaintiff's copyright by using Plaintiff's photographic image (identified above in this Complaint), causing it to be published, and placing it on the market, including on the World Wide Web, without Plaintiff's consent.

92.    Defendant, DANIEL J. SULLIVAN, JR.'S acts have caused harm to the Plaintiff in Florida.

93.    Defendant, DANIEL J. SULLIVAN, JR., individually is vicariously liable for the copyright infringements of COLLETTE TRAVEL SERVICE, INC., COLLETTE VACATIONS CANADA, LTD., and ADVENTURES UNLIMITED, INC.

94.     Defendant, DANIEL J. SULLIVAN, JR., individually, is directly, contributorily and/or vicariously liable for copy infringement by virtue of their distribution of Plaintiff's photo to third party travel companies and material contribution towards the third party infringements, knowledge of the third party infringements, the ability to supervise and control the use and infringement of the photo by the third parties, the fact that they knew or reasonably should have known of the infringing activity, and Defendant's own financial benefit from the infringements.

**WHEREFORE**, Plaintiff demands:

a.      That Defendant, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright of Plaintiff in any matter and from further use of Plaintiff's photographic image.

b.      That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright including actual damages and to account for and pay Plaintiff:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

c.      That Defendant be required to deliver up to be impounded during the pendency of this action all copies of materials in its possession or under its control and to deliver up for destruction all infringing copies including digital copies.

d.      That Defendant be required to pay to Plaintiff the costs of this action.

e.      That Plaintiff have such other and further relief as is just.

Respectfully submitted,

**JOHN B. OSTROW, P.A.**

By: _____
       STEPHEN A. OSTROW
       Florida Bar Number: 182338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was provided, via ☑ First Class U.S. Mail, ☐ facsimile transmission, and/or ☐ hand-delivery, to all counsel on the attached service list this 12th day of May, 2005.

**JOHN B. OSTROW, P.A.**
Counsel for Plaintiff
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 358-1496
Facsimile:  (305) 371-7999

By: _____
       STEPHEN A. OSTROW
       Florida Bar Number: 182338

*Rubin v. ACruise2go, et al.*
Case No.: 04-20706-CIV-GRAHAM
Page 39 of 39

## SERVICE LIST

**Attorneys for Lycos**
Michael Benis, Esq.
Lycos/Legal Department
100 Fifth Avenue
Waltham, MA 02451

781-434-3196
fax     781-370-3433

**Attorneys for NLG**
Rodney E. Gould, Esq.
Rubin, Hay & Gould, P.C.
205 Newbury Street, 4th Floor
Framingham, MA 01701

508-875-5222
fax     508-879-6803

**Attorneys for Vacation.com, Inc.**
Samuel A. Lewis, Esq.
Feldman Gale, P.A.
Miami Center, 19th Floor
201 S. Biscayne Boulevard
Miami, FL 33131-4332

305-358-5001
fax     305-358-3309

**Attorneys for Wesley's World of Travel,
Kemp Travel**
Ronald F. Worboy, Esq.
Ronald F. Worboy, BA, LLB
153 Simcoe Street North
Oshawa, Ontario LIG456

905-723-2288
fax     905-576-1355

**Attorneys for Collette Travel Service, Inc.
a/k/a Collette Vacations; Collette Vacations
Canada, Ltd.; Adventures Unlimited, Inc.; and
Daniel Sullivan, Jr.**
Holly S. Harvey, Esq.
Thornton, Davis & Fein, PA
Brickell Bayview Centre
80 SW 8th Street, Suite 2900
Miami, Florida 33130

305-446-2646
fax     305-441-2374

**Attorneys for Acruise2go, Corp.;
Levelfield.com, Inc., d/b/a Online Agency;
Vacation Publications, Inc., Vacations.Com,
Inc.; Passport Online, Inc.; Travel Planners
International, Inc.; National Leisure Group
d/b/a NLG d/b/a BJSVacations, The Vacation
Store, GM Vacations, Lycos Travel, Orbitz
Cruises, Orbitz Vacations, Priceline Cruises,
Tricordia Travel, Vacation Outlet Wal-Mart
Vacations, and Yahoo Travel; Castles of the
World, Inc. d/b/a Affordabletours.com; Duso
World Travel; Kemp Travel d/b/a Wesley's
World of Travel; BJ's Wholesale Club; Lycos,
Inc.; Orbitz, LLC; Priceline.Com
Incorporated; and Wal-Mart Stores, Inc.**
Keith M. Lipscomb, Esq.
Steven I. Peretz, Esq.
Mirit D. Steiger, Esq.
Kluger, Peretz, Kaplan & Berlin, P.L.
Miami Center, Seventeenth Floor
201 S. Biscayne Blvd.
Miami, FL 33131

305-379-9000
fax     305-379-3428

**Attorneys for Travel Planners International**
Dale L. Friedman, Esq.
Conroy, Simberg, Ganon, Krevans & Abel
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021

954-961-1400
fax     954-967-8577